FREDERICK HOLLENDER ET AL., Respondents, v. GUSTAVE KOETTER, Appellant.

St. Louis Court of Appeals, December 22, 1885.

1. CONTRACTS—SALES—WARRANTY.—Goods sold by sample must, in an action for their value, be shown to correspond with the sample.

2. JURY—VERDICT—PRACTICE—REMITTITUR.—If it may be inferred from the amount of the verdict that the jury found for the plaintiff on a disputed item, as to which the court's instruction was erroneous, the judgment will be reversed, unless the defendant remits such amount.

3. INSTRUCTIONS.—It is error to give an instruction which is not supported by any substantial evidence.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed nisi.*

MUENCH & CLINE, for the appellant: An instruction which assumes the existence of evidence to establish a

certain fact, when no such evidence was introduced at the trial, is erroneous. *Gunn v. Railroad,* 60 Mo. 405; *Singer v. Hudson,* 4 Mo. App. 145.

Louis Gottschalk, for the respondents.

Rombauer, J., delivered the opinion of the court.

The plaintiffs sued the defendant for a balance of $493.73, on account, for goods sold and delivered. Upon the trial the defendant admitted the correctness of all the items except six, aggregating $333.80; the jury found a verdict for the plaintiff for $309.98, and interest, being $150 more than was admitted by the defendant. The defendant appeals.

The errors assigned, among others, are that the court admitted illegal testimony against the defendant's objection, and gave an erroneous instruction on behalf of the plaintiffs.

The error complained of in the admission of testimony consists of allowing one of the plaintiff's witnesses to testify, in general terms, as to the correctness of the debit side of the account. The witness was general manager for the plaintiff, and, as appears from his subsequent testimony, had personal knowledge of most of the contested items. The defendant, moreover, admitted the sale and delivery of the goods, and prices charged therefor, his only contention being that he was entitled to additional credits. It must be evident, therefore, that he could not have been prejudiced by the general statement of the witness, conceding that his objection to the testimony was well founded and not too broad.

Among the items of the account is one for twenty-five cases of mineral water, $4.75 per case, amounting to $118.75. The defendant is credited with $18.75 on this item, leaving a balance of one hundred dollars contested. In regard to this item the plaintiff's testimony tended to show the following facts: that the sale was made to the defendant in New York, at prices about one-half the

market rate, with the understanding that the water was a job lot, and damaged. That the defendant tested several of the bottles at the plaintiffs' salesrooms, prior to giving his order, and that the water was shipped the next day. The plaintiffs had bought this water of one Levy, at about three dollars per case. That the defendant never complained of the quality until more than a year after shipment. But the plaintiffs gave no testimony, nor was there any testimony in the case tending to show that the water shipped, or any part thereof, was of the same quality as that tested by the defendants.

The testimony offered by the defendant tended to show, that the plaintiffs at or about the time they sold this water to the defendant, bought two lots of Levy, one of fifty cases, damaged, but salable; the other of several hundred cases, wholly worthless, and sold to the plaintiffs at about the value of empty bottles; that the mineral water received by the defendant from the plaintiffs, was carefully stored by him, until examined, and when examined, proved worthless; that he informed the plaintiffs' agent, and the plaintiffs, that the water was of no value, that he would not take it, and held it subject to their order.

This being the evidence, the court, among others, gave the following instruction to the jury.

"If the jury believe from the evidence that the mineral water in question was sold to defendant as damaged mineral water, and that the bulk of the water when delivered on board the cars in New York, for shipment to defendant, was of the same quality as that exhibited to, and examined by defendant, when he gave the order therefor, then plaintiffs are entitled to recover the contract price for the mineral water, even though you may believe that when examined by the defendant in St. Louis, it proved worthless."

This is the instruction complained of by the defendant.

It is not claimed that the instruction is incorrect as

an abstract proposition, but it is claimed that it finds no support in the testimony, and on that account falls within a class frequently condemned by our appellate courts.

We have carefully examined the testimony, and find nothing therein which would warrant the jury to find that the bulk, or any part of the mineral water delivered on board of the cars in New York for shipment to the defendant, was of the same quality as that exhibited to, and examined by, him. That part of the case rests on mere conjecture, and the instruction of the court was for that reason erroneous.

It is impossible for us legally to determine whether this one hundred dollar item was included or excluded by the jury in admeasuring the plaintiffs' damages, and for that reason we are not at liberty to affirm the judgment on the ground that the error was not prejudicial. As, however, this is the only substantial error, the plaintiffs may save a re-trial of the cause by remitting the sum of one hundred dollars, and interest, in this court. If they will do so within ten days after the filing of this opinion, the judgment will be affirmed. If not, it will be reversed and the cause remanded. All the judges concur.